# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHIRELL WATKINS**
        **Petitioner,**

v.                                                 **Case No. 02-C-0574**

**WARDEN DANIEL BERTRAND**
        **Respondent.**

## DECISION AND ORDER

Petitioner Shirell Watkins, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction of first-degree reckless homicide pursuant to his guilty plea. Petitioner asserts that he was denied due process because his guilty plea was not knowing and voluntary. He also asserts that he was deprived of the effective assistance of counsel because his lawyer did not properly advise him regarding one of the elements of first-degree reckless homicide, acting in utter disregard of human life. According to petitioner, he did not act in such a manner. The state court of appeals denied relief, and the state supreme court denied his petition for review.[1]

## I. FACTS AND BACKGROUND

The state court of appeals outlined the facts of the case as follows:

> Pursuant to a plea bargain, Shirell Watkins pled guilty to one count of first-degree reckless homicide, a violation of Wis. Stats. § 940.02(1)(1997-98). The circuit court imposed a twenty-five-year prison sentence.
>
> The state public defender appointed Attorney Michael K. Gould to represent Watkins on appeal. Attorney Gould has filed a no-merit report with this court pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and Wis.

---

[1] Respondent initially moved to dismiss the petition on the grounds of procedural default. However, petitioner later returned to state court and presented his claims, and respondent has withdrawn the procedural default defense. Because respondent is now content to defend the case on the merits, I need not discuss its procedural history.

Stat. Rule 809.32 (2001-02). Attorney Gould provided Watkins with a copy of the report, and Watkins has filed a response. The court is satisfied, based upon its independent review of the record, that there is no arguable merit to any issue that could be raised on appeal. The court therefore summarily affirms the judgment of conviction.

The facts are, for all practical purposes, undisputed. In February 1998, Watkins gave three young women a ride to a Milwaukee hospital so that they could visit a friend. He subsequently left the women at the hospital. Later, at Watkins's home, the women confronted him about his abandoning them at the hospital. He explained that they had taken too long, and there was a brief verbal dispute between the women and Watkins. As the women were walking away from the house, Watkins appeared on the porch with friends. According to a witness, Watkins was speaking loudly and his friends were laughing. Watkins raised a gun and pointed it in the direction of the women. It appears undisputed that Watkins did not point the gun directly at the women, but rather in the direction the women were walking, but at the ground. Watkins later indicated that he fired one shot to scare the women and to hurry them along. Apparently, the bullet ricocheted off the frozen ground and struck Jamika Henderson. Henderson died two days later.

(Answer, Ex. H at 1-2 (footnote omitted).)

During the guilty plea colloquy, petitioner acknowledged that he had discussed the charge of first-degree reckless homicide with his attorney and that he understood the elements of the offense. The prosecutor then outlined the elements of first-degree reckless homicide:

[W]ere the matter to go to trial, the State would have to prove basically three elements of the offense of First Degree Reckless Homicide; first, that the defendant caused the death of Jamika Henderson; secondly, the defendant caused the death by criminally reckless conduct which requires the defendant's conduct created an unreasonable or substantial risk of death or great bodily harm to another person, and the defendant was aware that his conduct created such a risk; third, that the circumstances of the defendant's conduct showed utter disregard for human life. The Jury, in assessing that or determining that element is told that you should consider all the factors relating to the conduct, including what the defendant was doing, why he was doing it, how dangerous the conduct was and whether the conduct showed no regard for human life.

(Answer, Ex. L at 10-11.)

The prosecutor next recounted the facts of the case after which the court engaged in the following colloquy with petitioner:

> Court: Those are the facts. Do you stipulate, sir, that those facts are substantially true and correct?
>
> Defendant: Yes.
>
> Court: And do you understand how those facts prove all the elements of the facts of First Degree Reckless Homicide, by you shooting toward the victim, Jamika Henderson, caused that bullet to go in her back and out causing damage to her body and that those facts were substantial?
>
> Do you understand the shooting of the bullet that went into her back was a substantial factor in producing her death; that is, the relationship of cause and effect existed between the death of Jamika Henderson between your shooting the gun, the bullet in the gun, the bullet into her body. Do you understand that?
>
> Defendant: Yes.
>
> Court: The facts also show that you caused her - - conduct, criminally reckless conduct, the conduct caused an unreasonable and substantial risk of death or great bodily harm.
>
> You are aware that taking the gun, pointing it a gun either toward or in front of the girls, firing, that entire conduct, created that death by entirely reckless conduct. Do you understand that?
>
> Defendant: Yes.
>
> Court: Lastly, that your conduct showed utter disregard for human life, taking the gun and approaching with it in front of the girls and firing it, that element is proved. Do you understand that?
>
> Defendant: Yes.
>
> Court: Do you have any questions at all or relationship of the evidence the State has to prove beyond a reasonable doubt and the facts that you agreed are true and correct that prove up those elements?
>
> Do you have any questions about that?
>
> Defendant: No.

(Id. at 17-18.)

On appeal, petitioner argued that his plea was defective because his actions did not fulfill the utter disregard for human life element. Specifically, he claimed that by firing the gun at the ground his actions demonstrated some regard for human life. He further argued that, had he gone to trial, a jury would not have convicted him of first-degree reckless homicide.[2] Finally, he claimed that in recommending a plea his trial counsel misled him, and the circuit court erred in determining that there was a factual basis for the charge. (Answer, Ex. H at 2-3.)

The state court of appeals rejected petitioner's contentions:

> The record demonstrates that Watkins submitted a guilty plea questionnaire and engaged in a plea colloquy with the circuit court that exceeded the requirements of Wis. Stat. § 971.08 and ***State v. Bangert***, 131 Wis. 2d 246, 267-72, 389 N.W.2d 12 (1986). The court and district attorney carefully explained the elements of the offense, including the requirement that Watkins's actions demonstrated "utter disregard for human life." Watkins agreed that the State accurately described his actions when it noted that, immediately after he shot, one of the women described him as "holding a large silvery revolver with black grips pointing" in the direction of the women. Later in the plea colloquy, Watkins admitted that he had "aimed the gun in the grass in the direction of the girls, in front of them." When the circuit court asked Watkins whether his "taking the gun approaching with it in front of the girls and firing it" constituted utter disregard for human life, Watkins agreed that it did.
>
> Given the many descriptions of the offense in the record, we are satisfied that all of them satisfy the criteria for the crime to which Watkins pled. Although Watkins now believes that second-degree reckless homicide more accurately describes his actions, the fact of the matter is that Watkins engaged in a lengthy plea colloquy where he was asked repeatedly about his actions. He agreed that his actions, even by his own description, evidenced utter disregard for human life. Watkins was certainly free to try his case to the jury and to present a defense that his actions did not satisfy the elements of first-degree reckless homicide, but he bargained that opportunity away in exchange for dismissal of a penalty enhancer and for a favorable sentencing recommendation from the State. The record indicates that he engaged in this bargain knowingly, intelligently, and voluntarily.

---

[2] Under Wisconsin law, the difference between first- and second-degree reckless homicide is that the former requires utter disregard for human life while the latter does not. See State v. Kimbrough, 246 Wis. 2d 648, 662 n.4 (Ct. App. 2001).

(Id. at 3-4.) To the extent that petitioner alleged ineffective assistance of counsel, the appellate court found nothing in the record to suggest that counsel's performance was below objective standards of reasonableness or that petitioner was prejudiced by counsel's recommendations, even assuming deficient performance. (Id. at 4 n.2, citing Strickland v. Washington, 466 U.S. 668, 687 (1984).)

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I may grant habeas relief only if the state court decision under review was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, § 2254(d)(2). Petitioner does not specify under which of these provisions he seeks relief, but he appears to contend that the state court of appeals unreasonably applied Supreme Court precedent relating to the requirements of a guilty plea and to the effective assistance of counsel in connection with a plea.

Of course, a guilty plea must be knowing and voluntary. Bousley v. United States, 523 U.S. 614, 618-19 (1998). A guilty plea is valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. Parke v. Raley, 506 U.S. 20, 29 (1992). The defendant must have real notice of the true nature of the charge against him, Henderson v. Morgan, 426 U.S. 637, 645 (1976), and possess an understanding of the law in relation to the facts, McCarthy v. United States, 394 U.S. 459, 466 (1969). However, the Constitution does not require a judge to engage in any specific dialogue with the defendant, and it does not enact Fed. R. Crim. P. 11 or its state analogs. Nor does the Constitution require the establishment in all cases of a factual basis for a guilty plea. A

habeas court is apt to grant relief only where it is impossible to find guilt from the facts stated as the factual basis for the plea. Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1992).

Where a defendant challenges a guilty plea on the ground that his counsel failed to properly advise him, the court analyzes the case under the familiar two-prong performance/prejudice test of Strickland v. Washington, 466, U.S. 668, 687-88 (1984). This requires the defendant to show that his lawyer's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). When a defendant contends that his counsel failed to advise him concerning an essential element of the offense, to establish prejudice the defendant must show that he did not learn of the element from another source. See, e.g., Henderson, 426 U.S. at 647; Miller v. Champion, 161 F.3d 1249, 1255 (10th Cir. 1998); see also United States v. Bjorkman, 270 F.3d 482, 503 (7th Cir. 2001) (denying ineffective assistance claim based on allegedly erroneous advice from counsel where trial court provided correct information during plea colloquy). When a defendant contends that counsel failed to properly advise him regarding a potential trial defense, the court may in determining prejudice consider whether the "defense likely would have succeeded at trial." Hill, 474 U.S. at 59 (citing Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984) ("It is inconceivable to us . . . that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received.")).

In the present case, petitioner cannot show that his plea was involuntary. As the state court of appeals noted, the trial judge and the prosecutor carefully explained the elements of

the offense and how the evidence established such elements. Petitioner acknowledged that he understood and stated that he had no questions.

Nor can petitioner demonstrate ineffective assistance. He fails to show either that he did not learn of the utter disregard element from other sources or that if properly advised about whether the evidence satisfied that element he would have gone to trial.

With respect to notice of the utter disregard element, the prosecutor explained to petitioner that to obtain a conviction of first-degree reckless homicide the State would have to prove that petitioner caused the death of another human being under circumstances which show utter disregard for human life, and that in assessing this issue the jury would consider "all the factors relating to the conduct, including what the defendant was doing, why he was doing it, how dangerous the conduct was and whether the conduct showed no regard for human life." (Answer, Ex. L at 10-11.) Petitioner responded that his lawyer had gone over these elements with him and that he understood them. Then, the court reviewed the elements of the offense, including the utter disregard element, with petitioner.

> Court: Lastly, that your conduct showed utter disregard for human life, taking the gun and approaching with it in front of the girls and firing it, that element is proved. Do you understand that?
>
> Defendant: Yes.

(Id. at 18.) Thus, aside from what petitioner's counsel may have told him, petitioner was apprised of the essential elements of first-degree reckless homicide, including the utter disregard element, how his conduct satisfied those elements, and affirmed that he understood.

Further, even if petitioner's lawyer misadvised him as to how the evidence demonstrated utter disregard, he cannot show that, absent such advice, there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial. As the Court

noted in Hill, in determining prejudice in this situation it is appropriate to consider whether the potential defense about which counsel allegedly failed to advise the defendant had any merit.[3] 474 U.S. at 59.

In the present case, given the undisputed facts, it is highly unlikely that a jury would have acquitted petitioner of first-degree reckless homicide based on an argument that his conduct did not evince utter disregard, as he now contends. After an argument, petitioner aimed a gun in the direction of three women and fired a shot for the purpose of scaring them and/or showing off for his friends. When he discovered that he had hit one of them, he fled. This conduct establishes the utter disregard element of first-degree reckless homicide. See State v. Powell, No. 91-1970-CR, 1992 WL 429963, at *5 (Wis. Ct. App. Oct. 21, 1992) (concluding that shooting a gun at the victim was excessive in relation to the defendant's claimed purpose of scaring the victim and agreeing with the trial court that "there is no view of the evidence upon which the jury could convict [defendant] of a lesser offense and acquit him of the greater. Discharging a firearm in the direction of another human being, especially in the hours of darkness, is demonstrative of disregard for human life."); see also State v. Dortch, No. 98-0162-CR, 1998 WL 596337, at *1 (Wis. Ct. App. Sept. 10, 1998) (concluding that randomly firing a gun in a residential area of a city in anger shows utter disregard for human life and refusing to instruct the jury on a lesser-included offense). Fleeing a crime scene and abandoning a wounded victim may also demonstrate the utter disregard element. State v. Davis, 144 Wis. 2d 852, 864 (1988) (stating that failing to assist after shooting a person shows an utter lack of concern for that person's life and safety).

---

[3] A defendant advised that he had a potentially meritorious defense would be more likely to go to trial than a defendant told that he had no such defense.

Thus, even if petitioner's counsel failed to properly advise him concerning the utter disregard element, petitioner was not prejudiced. Petitioner received notice of such element during the colloquy from other sources and acknowledged as much, making his plea knowing and voluntary. Further, petitioner has not shown that it is reasonably probable that he would have gone to trial on a defense that his conduct did not demonstrate utter disregard if properly advised. The state court of appeals did not unreasonably apply federal law in denying petitioner's claims.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that petitioner's petition is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2007.

BY THE COURT:

s/Lynn Adelman
LYNN ADELMAN
District Judge